UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| TRAVIS LADELLE GRAYSON, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:24-CV-70 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| SERVICE ELECTRIC COMPANY and | ) | Magistrate Judge Lee |
| BRANDON BEARDEN, | ) | |
| | ) | |
| *Defendants*. | ) | |

# **M E M O R A N D U M**

On September 20, 2024, the Court ordered Plaintiff, Travis Ladelle Grayson, to move for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure within twenty-one days. (Doc. 17.) That time has passed and Plaintiff has not moved for entry of default or made any other filings.

## **I.    BACKGROUND**

Plaintiff, who is representing himself in this lawsuit, filed a complaint under 42 U.S.C. § 1983 against Defendants on February 16, 2024. (Doc. 1.) He filed an application to proceed without prepaying fees or costs on the same day, indicating that he had no employment or income. (Doc. 2 at 1.) On February 23, 2024, the Magistrate Judge noted deficiencies in Plaintiff's application and ordered him to pay the filing fee or submit a new application within twenty-one days. (Doc. 7.) Plaintiff paid the filing fee on March 13, 2024.

On August 1, 2024, Plaintiff filed returns of service indicating service of process was accomplished on Defendants on April 16, 2024, and May 24, 2024, respectively. (Doc. 14.) On September 4, 2024, the Court ordered that within fourteen days Defendants must answer the complaint, Plaintiff must move for entry of default, or Plaintiff must show cause why the case

should not be dismissed. (Doc. 15.) On September 18, 2024, Plaintiff filed a timely response to the Show Cause Order. (Doc. 16.) Plaintiff's response listed certain factual claims against Defendants, argued that dismissing the case would deprive him of his opportunity to seek justice, and represented that he is making calls daily to find a lawyer. (*Id.* at 1.)

On September 20, 2024, the Court ordered Plaintiff to move for entry of default under Rule 55(a) within twenty-one days. (Doc. 17.) The Court directed Plaintiff to a website offering forms Plaintiff could use to move for entry of default. (*Id.* at 2.) The Court warned Plaintiff that if he did not move for entry of default within the time ordered, "his case may be dismissed under Rule 41(b) for failure to prosecute and failure to comply with the Federal Rules of Civil Procedure and orders of this Court." (*Id.*) Plaintiff did not move for entry of default or make any other filings within the time required.[1]

## II.  STANDARD OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court," either upon the defendant's motion or on its own initiative. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). The Court must consider four factors in determining whether to exercise its discretion to dismiss a case for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

---

[1] The Court gave Plaintiff twenty-one days from September 20, 2024, which would normally have resulted in a deadline of October 11, 2024. Because Plaintiff was served by mail, three days were added, to October 14, 2024. Fed. R. Civ. P. 6(d). Because October 14, 2024, was a legal holiday, Plaintiff's ultimate deadline was October 15, 2024. *Id.* 6(a)(1)(C), 6(a)(6)(A).

> drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter*, 723 F.3d at 704.  Dismissal of a case with prejudice is a harsh sanction which should apply only in extreme situations, since it deprives a plaintiff of his day in court.  *Id.* (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

### III. DISCUSSION

The Court considers each of the four relevant factors below.

#### A. Willfulness, Bad Faith, or Fault

To support a finding of willfulness, bad faith, or fault, there must be "a clear record of delay or contumacious conduct." *Carpenter*, 723 F.3d at 704 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).  Contumacious conduct is behavior which is "perverse in resisting authority" and "stubbornly disobedient."  *Id.* at 704–05 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)).  Such behavior must display "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [such] conduct on those proceedings." *Id.* at 705 (quoting *Wu*, 420 F.3d at 643).

Plaintiff has engaged in delay and contumacious conduct.  He has failed to follow the clear instructions in this Court's Order of September 20, 2024. (Doc. 17.)  This failure to respond demonstrates at least reckless disregard for the effect of his failure to prosecute on these proceedings.  The Court therefore **FINDS** there has been willfulness, bad faith, or fault under the first factor.

#### B. Prejudice

A plaintiff's dilatory conduct prejudices a defendant "if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Carpenter*, 723 F.3d at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368

(6th Cir. 1997). Defendants have not appeared in this matter. The Court accordingly **FINDS** there has been no prejudice to Defendants under the second factor.

C.   **Notice**

The Court's Order of September 20, 2024, explicitly warned Plaintiff that "his case may be dismissed under Rule 41(b) for failure to prosecute and failure to comply with the Federal Rules of Civil Procedure and orders of this Court" if he did not move for entry of default under Rule 55(a) within twenty-one days. (Doc. 17 at 2.) The Court's September 4, 2024, Show Cause Order also put Plaintiff on notice that a failure to move for entry of default under Rule 55(a) could result in dismissal of his case. (Doc. 15 at 1.) The Court accordingly **FINDS** there was sufficient notice to Plaintiff under the third factor.

D.   **Lesser Sanctions**

Before dismissing a case with prejudice for failure to prosecute or to comply with rules or court orders, the court should consider whether lesser sanctions would better serve the interests of justice. *Carpenter*, 723 F.3d at 709 (quoting *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232–33 (6th Cir. 1983)). "[T]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Wu*, 420 F.3d at 644 (emphasis in original) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001)). Possible lesser sanctions include monetary sanctions such as a fine, costs, or damages; barring a party from introducing certain evidence or participating in oral argument on a motion; additional warnings; or dismissal without prejudice. *See, e.g.*, *Carpenter*, 723 F.3d at 709.

The Court has considered a number of sanctions in this case. Although Plaintiff ultimately paid the filing fee, his initial application indicated a lack of employment and income, making it

questionable whether he could pay a monetary sanction. (*See* Doc. 2 at 1.) The Court also concludes that additional warnings would not be appropriate or effective, because he has already been warned twice that failure to move for entry of default could lead to dismissal of his case. (*See* Docs. 15 at 1, 17 at 2.) Dismissal with prejudice, on the other hand, is a harsher sanction than necessary under these circumstances.

The Court concludes that dismissal without prejudice is the appropriate sanction here. The Court therefore **FINDS** the availability of other potential sanctions weighs against a dismissal with prejudice, but that a dismissal without prejudice is warranted.

## IV.   CONCLUSION

Three of the four factors weigh in favor of dismissal of Plaintiff's case as a sanction. The Court finds that a dismissal without prejudice, rather than with prejudice, is the appropriate sanction. Therefore, the Court will **DISMISS** Plaintiff's case **WITHOUT PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**